**In re Donald M. BOHN, Jr.,
Attorney at Law.**

**No. 97–8006.**

United States Court of Veterans Appeals.

June 18, 1998.

**250**

Before NEBEKER, Chief Judge, and HOLDAWAY and IVERS, Judges.

## ORDER

PER CURIAM:

On November 19, 1997, the matter of the conduct of attorney Donald M. Bohn, Jr. (respondent) in the case of *Cook v. Gober*, No. 96–867, was referred to this panel of the Court.

On July 15, 1996, the unrepresented appellant filed a notice of appeal. On March 20, 1997, the respondent, acting under the auspices of the Veterans Consortium Pro Bono Program, entered his appearance pro hac vice on behalf of the appellant. On July 25, 1997, the Court notified the respondent that his brief was due within 30 days. No brief was filed by the respondent. On September 2, 1997, the Court ordered the respondent to show cause why the appeal should not be dismissed for failure to file a brief in compliance with the Court's rules. On October 21, 1997, having received no response to the order and no brief for the appellant, the Court dismissed the appeal.

On November 7, 1997, the Veterans Consortium Pro Bono Program filed a memorandum as amicus curiae, supporting the appellant's motion for reconsideration of the dismissal. The memorandum, a copy of which was served on the respondent, reviewed the history of the case and averred that (1) the appellant called numerous times concerning his appeal, stating that he had been unsuccessful in establishing contact with the respondent, and (2) the respondent failed to respond to the Program's letters and telephone calls from August 1997 through October 1997. Finally, the memorandum suggested that the respondent's conduct be referred to the Court's Committee on Admissions and Practice.

On November 21, 1997, the Court ordered the respondent to show cause, within 30 days thereafter, why this matter should not be referred to the Court's Committee on Admission and Practice. Upon receiving notice of the respondent's new address, the Court mailed another copy of the order, which was reported as received on December 19, 1997. The respondent failed to respond to the Court's order and, on February 9, 1998, this matter was referred to the Committee for investigation and report by the Committee to the Court. In its April 24, 1998, report, a copy of which was served on the respondent, the Committee noted that it received from the respondent no response to the Committee's telephone calls on February 24 and March 20, 1998, or to its certified mail notice of the right to submit matters relevant to the Committee's inquiry. The Committee has recommended that the respondent be suspended indefinitely from practice before the Court. By certified mail on May 20, 1998, the Court ordered the respondent to show cause, within 30 days thereafter, why the Court should not impose the recommended discipline. On June 6, 1998, the order was returned unclaimed.

The respondent's misconduct involved a lack of diligence on behalf of the appellant and a failure to respond to orders of the Court and violates Rules 1.3 and 8.1 of the American Bar Association's Model Rules of Professional Conduct, which have been adopted by this Court, in Rule 1(b) of the Court's Rules of Admission and Practice, as its Code of Professional Responsibility. On consideration of the foregoing and the recommendation of the Committee, it is

ORDERED that Donald M. Bohn, Jr., is suspended from practice before this Court for an indefinite period of not less than one year. Pursuant to Rule 7(a) of the Court's Rules of Admission and Practice, he may file a petition for reinstatement after one year has elapsed following the date of this order. Any such petition must be accompanied by an explanation of his repeated failures to respond to the Court in this matter and by assurance that this conduct will not be repeated.